By the Court.
Paine, J.
-The question presented in this case arises under the statute of frauds. E. B. Clussman & Co. were indebted to the plaintiffs oh a promissory note, and the defendant, haying property of Clussman & Co. in his hands, *615 agreed, that if the plaintiffs would give them a year’s time to pay, he would apply the property to pay the debt, and agreed further that the property should sell for enough to pay it. The complaint is upon this promise, and the defendant demurs to- it as being without consideration and within the statute of frauds.
The promise is not, however, as defendant’s counsel insists, to pay the debt of another. There are two promises: one toapply property in defendant’s hands to pay the debt; and the other, that the property shall sell for enough to pay it.
Neither of these promises is a promise to pay the debt of another. The promise by a third person to apply the debtor’s own property to pay his debt, is not a promise by the third person to pay it himself.. The guarantee added to this promise, that the property shall sell for enough to pay it, is not a prom-.-, ise to pay it. Neither are both promises taken together a promise to pay the debt, although their effect may be to render the promissor liable for so much of it as the property should be insufficient to pay. We do not think the statute is to be extended, by a forced construction, to embrace a case which is clearly not within its letter or meaning. The statute, no doubt, means the ordinary promise to pay another’s debt; that is, a promise which simply binds the promissor himself to pay the debt with his own means.
The demurrer does not appear to raise the objection of a want of consideration for the promise, except as subordinate to the general defence, that the case is within the statute of frauds. If it did, however, it would be a sufficient reply to it, that the forbearance was, a sufficient consideration, .even if it was not beneficial to the defendant. It was harmful to the plaintiff, and that is sufficient.
But the consideration was beneficial or valuable to the defendant. He had the debtor’s property in his hands, and we must presume, from the character of the promise, that the disposition and application which he agreed to make of it, were with the debtor’s assent. Clearly, then, the property - in his hands was a consideration of value. Suppose the promise had been directly to the debtor, could there be a question that the.con *616 sideration. was not sufficient, or the promise not binding. And if the promise is made,- with the debtor’s assent, directly to the plaintiff; who is to be alone benefited by its performance, is it less valid? If it had been made to the debtor, the plaintiff could have sued upon it, as a promise made for his benefit. And can there be any reason, then, why he should not sue upon it, when made directly to himself ?
The j udgment of the special term, overruling the demurrer, is affirmed with costs.